UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT JANASZAK and STORM JANASZAK,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK NA, et al.,<br><br>Defendants. | CASE NO. C12-5427 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' LEAVE TO AMEND |

This matter comes before the Court on Defendants Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A.'s ("Defendants") motion for judgment on the pleadings (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and grants leave to amend for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 13, 2012, Plaintiffs Scott and Storm Janaszak ("Janaszak") filed a complaint against Defendants and twenty unnamed defendants in Kitsap County Superior

ORDER - 1

Court for the State of Washington. Dkt. 1, ¶ 3. The Janaszaks allege breach of contract; violations of the Washington Deed of Trust Act, RCW Chapter 61.24 ("DTA"); fraud; violations of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"); and Declaratory and Injunctive Relief. *Id*., Exh. A ("Complaint").

On May 14, 2012, Defendants removed the case to this Court. Dkt. 1.

On August 9, 2012, Defendants filed a motion for judgment on the pleadings. Dkt. 11. On September 10, 2012, the Janaszaks responded. Dkt. 13. On September 14, 2012, Defendants replied. Dkt. 15. On September 18, 2012, the Janaszaks filed a surreply and requested that the Court strike Defendants' reply brief. Dkt. 18.

## II. FACTUAL BACKGROUND

On June 16, 2005, the Janaszaks refinanced their loan and obtained a loan for $220,000 from Washington Mutual Bank (hereinafter "WAMU") for their real property at 3462 Inlet Lane Southeast, Port Orchard, WA 98366. Complaint, ¶¶ 1 & 8. On March 25, 2011, the Janaszaks filed a petition for relief under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Washington. On July 17, 2011, the bankruptcy court entered a discharge order. After the discharge, a new foreclosure proceeding occurred and the Janaszaks' house was scheduled for sale on April 20, 2012. Complaint, ¶ 85.

## III. DISCUSSION

**A.  Request to Strike**

The Janaszaks request that the Court strike Defendants' reply brief because it is overlength. Dkt. 18. The Janaszaks argue that the length of the reply brief for a motion

for judgment on the pleadings is controlled by Local Rule 7(e)(4) instead of 7(e)(3), which includes the other dispositive motions such as summary judgment and motions to dismiss. Although the Janaszaks are correct that 7(e)(3) does not include motions for judgment on the pleadings[1], the length of Defendants' brief is irrelevant as set forth below. Therefore, the Court denies the Janaszaks' request as moot.

**B. Motion for Judgment**

After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

In this case, Defendants move for judgment under the theory that the Janaszaks should be estopped from asserting any claim that they did not disclose in their bankruptcy proceeding. Dkt. 11 at 12–13. At the commencement of bankruptcy, a debtor must disclose all of his assets to be included in the bankruptcy estate for the potential benefit of creditors. 11 U.S.C. § 521(1); *see also Cusano v. Klein*, 264 F.3d 936, 945–46 (9th Cir. 2001). The bankruptcy estate includes all the debtor's potential claims or causes of action that existed at the time he or she filed for bankruptcy. 11 U.S.C. § 541(a)(1); *see also In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208–208 (5th Cir. 1999) ("[i]t goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*") (italics in original). A debtor need only have "knowledge enough of the facts to know that a cause of action exists during the

---

[1] Comments on the revisions for the Local Rules are due this Friday and a suggestion for revising 7(e)(3) to include motions for judgment on the pleadings will be made.

pendency of the bankruptcy." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

A party's failure to disclose causes of action may result in judicial estoppel. "[I]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783; see also *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992); *Coastal Plains*, 179 F.3d at 208 (debtor is barred from bringing claims not disclosed in its bankruptcy schedules); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988) (debtor's failure to list potential claims against a creditor "worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect," and debtor was estopped by reason of such failure to disclose).

In this case, there is no dispute that the Janaszaks failed to disclose their current causes of action in their bankruptcy matter. The Janaszaks, however, present two arguments for why they should not be estopped. First, the Janaszaks argue that they "were not aware of any of their potential claims against the Defendants until after February 2012, when they, like millions of other Americans, were informed of the mortgage settlement agreement." Dkt. 13 at 7. The standard is not knowledge of the claims, it is knowledge of the facts. *Hamilton*, 270 F.3d at 783. The alleged assignments (Complaint, ¶¶ 19–21) and the initial foreclosure proceeding occurred before the Janaszaks filed their bankruptcy action. Therefore, the Janaszaks' argument is without merit.

1     Second, the Janaszaks argue that intent is an element the Court should consider when a party fails to disclose its claims. Dkt. 13 at 7. Although the Janaszaks cite an unpublished opinion from the District Court of Oregon regarding the interpretation of an insurance contract, the Janaszaks fail to provide, and the Court is unaware of, any binding authority for this proposition. Therefore, the Janaszaks' argument is without merit.

    Based on the foregoing analysis, the Court finds that the Janaszaks are judicially estopped from bringing the majority of the claims in their complaint. Thus, the only remaining claim or claims would arise from the post-bankruptcy foreclosure process. The Janaszaks' complaint, however, does not coherently separate these claims and the Janaszaks have requested leave to amend. Therefore, the Court grants Defendants' motion and grants the Janaszaks leave to amend consistent with this opinion.

## IV. ORDER

    Therefore, it is hereby **ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. 11) is **GRANTED**. The Janaszaks may file an amended complaint no later than October 12, 2012. Failure to file an amended complaint without good cause will result in dismissal of this action.

    Dated this 1st day of October, 2012.

                                 BENJAMIN H. SETTLE
                                 United States District Judge